FILED
CLERK, U.S. DISTRICT COURT
12/10/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHNNY CASTILLO,<br>　aka "Band$,"<br>　aka "gucciholic420,"<br><br>　　　　Defendant. | CR  2:21-CR-00570-SVW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), (b)(1)(C): Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

　　　　　　　　　　　　COUNT ONE

　　　　　　[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

　　On or about July 5, 2021, in Los Angeles County, within the Central District of California, defendant JOHNNY CASTILLO, also known as ("aka") "Band$," aka "gucciholic420," knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, the use of which resulted in the death and serious bodily injury of S.F.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about July 13, 2021, in Los Angeles County, within the Central District of California, in a residence, defendant JOHNNY CASTILLO, also known as ("aka") "Band$," aka "gucciholic420," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 117.9 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about July 13, 2021, in Los Angeles County, within the Central District of California, in a residence, defendant JOHNNY CASTILLO, also known as ("aka") "Band$," aka "gucciholic420," knowingly possessed a firearm, namely, a .223 caliber rifle, bearing no serial number (commonly referred to as a "ghost gun"), in furtherance of a drug trafficking crime, namely, possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Two of this Indictment.

```
 1                              COUNT FOUR
 2                   [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]
 3        On or about July 13, 2021, in Los Angeles County, within the
 4   Central District of California, in a car, defendant JOHNNY CASTILLO,
 5   also known as ("aka") "Band$," aka "gucciholic420," knowingly and
 6   intentionally possessed with intent to distribute N-phenyl-N-[1-(2-
 7   phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II
 8   narcotic drug controlled substance.
```

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One, Two, or Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

//

//

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

ASHLEY FILLMORE
Assistant United States Attorney
International Narcotics, Money Laundering & Racketeering Section