STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304
     Facsimile: (213) 894-0141
     E-mail:   Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           No. CR 21-570-SVW

          Plaintiff,                PLEA AGREEMENT FOR DEFENDANT
                                    JOHNNY CASTILLO
               v.

JOHNNY CASTILLO,
   aka "Band$,"
   aka "gucciholic420,"

          Defendant.


     1.   This constitutes the plea agreement between Johnny Castillo

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the above-captioned case.

This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

                        DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   Give up the right to indictment by a grand jury and,

at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to counts one, two, and three, of the first superseding information in the form attached to this agreement as Exhibit A or a substantially similar form, which charge defendant with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), and (b)(1)(C) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Recommend that defendant be sentenced to a combined term of imprisonment on all three counts of no less than 180 months and not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a term of imprisonment below 180 months.

i.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

3.    Defendant further agrees:

a.    To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to the following:

3

1          i.   One .223 caliber rifle, bearing no serial number;

2          ii.  One Glock 9mm semi-automatic pistol, bearing

3    serial number LHX503; and

4          iii. 14 rounds of 9mm caliber ammunition

5    (collectively, the "Forfeitable Property").

6          b.   To the Court's entry of an order of forfeiture at or

7    before sentencing with respect to the Forfeitable Property and to the

8    forfeiture of the assets.

9          c.   That the Preliminary Order of Forfeiture shall become

10   final as to the defendant upon entry.

11         d.   To take whatever steps are necessary to pass to the

12   United States clear title to the Forfeitable Property, including,

13   without limitation, the execution of a consent decree of forfeiture

14   and the completing of any other legal documents required for the

15   transfer of title to the United States.

16         e.   Not to contest any administrative forfeiture

17   proceedings or civil judicial proceedings commenced against the

18   Forfeitable Property.  If defendant submitted a claim and/or petition

19   for remission for all or part of the Forfeitable Property on behalf

20   of himself or any other individual or entity, defendant shall and

21   hereby does withdraw any such claims or petitions, and further agrees

22   to waive any right he may have to seek remission or mitigation of the

23   forfeiture of the Forfeitable Property.  Defendant further waives any

24   and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or

25   requirements of the Government to commence forfeiture actions

26   pursuant to 18 U.S.C. § 924(d)(1).

27         f.   Not to assist any other individual in any effort

28   falsely to contest the forfeiture of the Forfeitable Property.

4

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.  With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

5

c.   At the time of sentencing, move to dismiss the underlying indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSES</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in count one and count two of the superseding information, that is, Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), and (b)(1)(C), the following must be true: (1) defendant knowingly possessed fentanyl; and (2) defendant possessed the fentanyl with the intent to distribute it to another person.  To "distribute" a controlled substance means to transfer possession of it to another person, with or without any financial interest in the transaction.  It also does not matter whether defendant knew that the substance was fentanyl. It is sufficient that defendant knew that it was some kind of federally controlled substance.

6.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences, as to count two, set forth below, the government must prove beyond a reasonable

doubt that defendant possessed with the intent to distribute at least 40 grams of a mixture or substance containing a detectable amount of fentanyl.  Defendant admits that defendant, in fact, possessed at least 40 grams of a mixture or substance containing a detectable amount of fentanyl.

7.   Defendant understands that for defendant to be guilty of the crime charged in count three, that is, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), the following must be true: (1) defendant committed the crime of Possession with Intent to Distribute Fentanyl, in violation of Title 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), as charged in count two of the first superseding information, which is a drug trafficking crime; and (2) defendant knowingly possessed a firearm with such possession being in furtherance of the drug trafficking crime.

<u>PENALTIES AND RESTITUTION</u>

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in count one, is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi), as charged in count two, is: 40 years' imprisonment; a lifetime period of supervised release; a fine of $5,000,000 or twice the gross gain or gross loss resulting

from the offense, whichever is greatest; and a mandatory special assessment of $100.

10. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi), as charged in count two, is: a five-year term of imprisonment; a four-year term of supervised release; and a mandatory special assessment of $100.

11. Defendant understands that the statutory maximum sentence that the Court can impose for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), as charged in count three, is: life imprisonment; 5 years' supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), as charged in count three, is: a 5-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

13. Defendant understands, therefore, that the total mandatory minimum sentence that the Court must impose for all offenses to which defendant is pleading guilty is: 10 years' imprisonment; 5 years' supervised release[1]; and a mandatory special assessment of $300.

---

[1] Defendant understands that there is case law suggesting that the term of supervised release on count three could be imposed to run consecutively to the terms of supervised release on the other counts. While the USAO does not intend to seek a consecutive term of supervised release, defendant understands that if the Court were to

*(footnote cont'd on next page)*

1    14.   Defendant understands, therefore, that the total maximum
2   sentence for all offenses to which defendant is pleading guilty is:
3   life imprisonment; a lifetime period of supervised release; a fine of
4   $6,250,000 or twice the gross gain or gross loss resulting from the
5   offenses, whichever is greatest; and a mandatory special assessment
6   of $300.

7    15.   Defendant understands that under 21 U.S.C. § 862a,
8   defendant will not be eligible for assistance under state programs
9   funded under the Social Security Act or Federal Food Stamp Act or for
10  federal food stamp program benefits, and that any such benefits or
11  assistance received by defendant's family members will be reduced to
12  reflect defendant's ineligibility.

13   16.   The Court will also order forfeiture of the Forfeitable
14  Property pursuant to 18 U.S.C. § 924, 28 U.S.C. § 2461(c), and 21
15  U.S.C. § 853.

16   17.   Defendant understands that defendant will be required to
17  pay full restitution to the victim(s) of the offenses to which
18  defendant is pleading guilty.  Defendant agrees that, in return for
19  the USAO's compliance with its obligations under this agreement, the
20  Court may order restitution to persons other than the victim(s) of
21  the offenses to which defendant is pleading guilty and in amounts
22  greater than those alleged in the counts to which defendant is
23  pleading guilty.  In particular, defendant agrees that the Court may
24  order restitution to any victim of any of the following for any
25  losses suffered by that victim as a result: (a) any relevant conduct,
26  as defined in U.S.S.G. § 1B1.3, in connection with the offenses to

27
28  impose a consecutive term of supervised release, the maximum term of
    supervised release for all of the counts of conviction would be nine
    years, rather than five years as stated in the text above.

9

which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $20,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

18.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

19.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

20.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that hi pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

21.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 24 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about July 5, 2021, in Los Angeles, California, within the Central District of California, defendant knowingly possessed a

11

controlled substance, namely, fentanyl, with the intent to distribute the fentanyl to another person.  More specifically, on July 5, 2021, defendant sold S.F. pills containing fentanyl.  On or about July 8, 2021, S.F. ingested the pill, containing  fentanyl, supplied by defendant, resulting in S.F.'s death from a fatal fentanyl overdose. But for the fentanyl in S.F.'s system, S.F. would not have died.

On July 13, 2021, defendant possessed with the intent to distribute 863 pills, containing approximately 117.9 grams of a mixture and substance containing a detectable amount of fentanyl, a scale, and a .223 caliber rifle, bearing no serial number.  Defendant possessed the rifle in furtherance of a drug trafficking crime and in connection with the offense, namely, defendant's possession of the 863 pills containing fentanyl with the intent to distribute them. Also on July 13, 2021, defendant, on his person, possessed a Glock 9mm semiautomatic pistol loaded with 14 rounds of ammunition.

<u>SENTENCING FACTORS</u>

22.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

23.   Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties stipulate that defendant committed a separate violation of 21 U.S.C. § 841(b)(1)(C) (Distribution of Fentanyl Resulting in Death), in that, on or about July 5, 2021, defendant knowingly and intentionally distributed fentanyl, the use of which resulted in the death of S.F., and that such overdose death resulting from defendant's distribution of fentanyl constitutes a more serious offense than the offense of conviction for purposes of calculating the applicable Sentencing Guidelines offense level.  Accordingly, pursuant to U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a), and 1B1.2(c), the parties stipulate that the Court should calculate the Sentencing Guidelines as if defendant had been convicted of the offense described in this paragraph and apply a base offense level 38.  The parties further stipulate that application of such a base offense level, which is greater than the base offense level that would otherwise apply, is independently supported by U.S.S.G. § 5K2.1. Defendant will not recommend, argue, or otherwise suggest that the court impose a base offense level other than 38.

24.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

   Base Offense Level:          38      U.S.S.G. § 2D1.1(a)(2)
Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, subject to paragraph 2(h) above.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline

13

factors set forth above.  Defendant understands that the Court must sentence defendant to a term of 60 months' imprisonment on count three, which must run consecutive to any term of imprisonment imposed for counts one and two.

25.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

26.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), subject to paragraph 2(h) above.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

27.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

14

1      g.   The right not to be compelled to testify, and, if

2  defendant chose not to testify or present evidence, to have that

3  choice not be used against defendant.

4      h.   Any and all rights to pursue any affirmative defenses,

5  Fourth Amendment or Fifth Amendment claims, and other pretrial

6  motions that have been filed or could be filed.

7                  WAIVER OF APPEAL OF CONVICTION

8      28.  Defendant understands that, with the exception of an appeal

9  based on a claim that defendant's guilty pleas were involuntary, by

10 pleading guilty defendant is waiving and giving up any right to

11 appeal defendant's convictions on the offenses to which defendant is

12 pleading guilty.  Defendant understands that this waiver includes,

13 but is not limited to, arguments that the statutes to which defendant

14 is pleading guilty are unconstitutional, and any and all claims that

15 the statement of facts provided herein is insufficient to support

16 defendant's pleas of guilty.

17 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

18     29.  Defendant agrees that, provided the Court, before

19 imposition of the mandatory consecutive sentence of five years'

20 imprisonment on count three, imposes a term of imprisonment within or

21 below the range corresponding to an offense level of 35 and the

22 criminal history category calculated by the Court, defendant gives up

23 the right to appeal all of the following: (a) the procedures and

24 calculations used to determine and impose any portion of the

25 sentence; (b) the term of imprisonment imposed by the Court,

26 including, to the extent permitted by law, the constitutionality or

27 legality of defendant's sentence, provided it is within the statutory

28 maximum; (c) the fine imposed by the Court, provided it is within the

statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $20,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

30. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

31. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a combined term of imprisonment on all three counts of no less than 180 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to

16

appeal the amount of restitution ordered if that amount is less than $20,000.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

32.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

33.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea

agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

34.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

35.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

36.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

18

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

37.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

38.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

19

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 24 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

39.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

40.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

1              PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          41.   The parties agree that this agreement will be considered

3      part of the record of defendant's guilty plea hearing as if the

4      entire agreement had been read into the record of the proceeding.

5      AGREED AND ACCEPTED

6      UNITED STATES ATTORNEY'S OFFICE
       FOR THE CENTRAL DISTRICT OF
7      CALIFORNIA

8      STEPHANIE S. CHRISTENSEN
       Acting United States Attorney

9

10       /s/ Juan M. Rodriguez                         September 16, 2022
       JUAN M. RODRIGUEZ                               Date
11     Assistant United States Attorney

12     _____                 Sept. 9, 2022
       JOHNNY CASTILLO                                 Date
13     Defendant

14     _____                  September 9, 2022
       LISA LABARRE                                    Date
15     Deputy Federal Public Defender
       Attorney for Defendant
16     JOHNNY CASTILLO

17

18

19

20

21

22

23

24

25

26

27

28

                                     21

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        _____
JOHNNY CASTILLO                           Date    Sept. 9,2022
Defendant

22

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Johnny Castillo's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

September 9, 2022

LISA LABARRE                                    Date
Deputy Federal Public Defender
Attorney for Defendant
JOHNNY CASTILLO