**F I L E D**
CLERK, U.S. DISTRICT COURT

9/16/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ cd _____ DEPUTY

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No. 21-570(A)-SVW

11          Plaintiff,                  F I R S T
                                        S U P E R S E D I N G
12          v.                          I N F O R M A T I O N

13   JOHNNY CASTILLO,                   [21 U.S.C. §§ 841(a)(1),
        aka "Band$,"                    (b)(1)(B)(vi), (b)(1)(C):
14      aka "gucciholic420,"            Possession with Intent to
                                        Distribute Fentanyl; 18 U.S.C.
15          Defendant.                  § 924(c)(1)(A)(i): Possession of a
                                        Firearm in Furtherance of a Drug
16                                      Trafficking Crime; 21 U.S.C.
                                        § 853, 18 U.S.C. § 924, 28 U.S.C.
17                                      § 2461(c): Criminal Forfeiture]

18

19        The Acting United States Attorney charges:

20                           COUNT ONE

21              [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

22        On or about July 5, 2021, in Los Angeles County, within the

23   Central District of California, defendant JOHNNY CASTILLO, also known

24   as ("aka") "Band$," aka "gucciholic420," knowingly and intentionally

25   possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-

26   piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug

27   controlled substance.

28

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about July 13, 2021, in Los Angeles County, within the Central District of California, in a residence, defendant JOHNNY CASTILLO, also known as ("aka") "Band$," aka "gucciholic420," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 117.9 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about July 13, 2021, in Los Angeles County, within the Central District of California, in a residence, defendant JOHNNY CASTILLO, also known as ("aka") "Band$," aka "gucciholic420," knowingly possessed a firearm, namely, a .223 caliber rifle, bearing no serial number (commonly referred to as a "ghost gun"), in furtherance of a drug trafficking crime, namely, possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Two of this First Superseding Information.

3

1

## FORFEITURE ALLEGATION ONE

2

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3       1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 21,

6   United States Code, Section 853, Title 18, United States Code,

7   Section 924, and Title 28, United States Code, Section 2461(c), in

8   the event of the defendant's conviction of the offenses set forth in

9   Counts One and Two of this First Superseding Information.

10       2.    The defendant, if so convicted, shall forfeit to the United

11   States of America the following:

12           (a)  All right, title and interest in any and all property,

13   real or personal, constituting or derived from, any proceeds which

14   the defendant obtained, directly or indirectly, from any such

15   offense;

16           (b)  All right, title and interest in any and all property,

17   real or personal, used, or intended to be used, in any manner or

18   part, to commit, or to facilitate the commission of any such offense;

19           (c)  All right, title, and interest in any firearm or

20   ammunition involved in or used in any such offense; and

21           (d)  To the extent such property is not available for

22   forfeiture, a sum of money equal to the total value of the property

23   described in subparagraphs (a), (b), and (c).

24       3.    Pursuant to Title 21, United States Code, Section 853(p),

25   and as incorporated by Title 28, United States Code, Section 2461(c),

26   the defendant, if so convicted, shall forfeit substitute property if,

27   by any act or omission of the defendant, the property described in

28   the preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this First Superseding Information.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

6

1  substantially diminished in value; or (e) has been commingled with

2  other property that cannot be divided without difficulty.

3

4                                    STEPHANIE S. CHRISTENSEN
                                     Acting United States Attorney
5

6

7                                    SCOTT M. GARRINGER
                                     Assistant United States Attorney
8                                    Chief, Criminal Division

9                                    DAVID T. RYAN
                                     Assistant United States Attorney
10                                   Deputy Chief, General Crimes
                                     Section
11
                                     JUAN M. RODRIGUEZ
12                                   Assistant United States Attorney
                                     General Crimes Section
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28