1              UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3       THE HONORABLE STEPHEN V. WILSON, U.S. DISTRICT JUDGE

4

5

6   UNITED STATES OF AMERICA,      )
                                    )
7                   PLAINTIFF,      )
            VS.                     )    CASE CR-21-00570-SVW
8                                   )
    JOHNNY CASTILLO,                )
9                                   )
                    DEFENDANT.      )
10  _____)

11

12

13           REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                   SENTENCING HEARING

15                 LOS ANGELES, CALIFORNIA

16                MONDAY, FEBRUARY 27, 2023

17

18

19

20

21

22

23

24   REPORTED BY:
     MARY R. RICKEY, CSR 11252, RPR
25   FEDERAL CONTRACT COURT REPORTER

```
1    APPEARANCES OF COUNSEL:

2    FOR THE PLAINTIFF:

3              UNITED STATES ATTORNEY'S OFFICE
               MARTIN ESTRADA, UNITED STATES ATTORNEY
4              BY:  JUAN RODRIGUEZ
                   ASSISTANT U.S. ATTORNEY
5              312 NORTH SPRING STREET
               LOS ANGELES, CA  90012
6              (213) 894-2400

7    FOR THE DEFENDANT:

8              FEDERAL PUBLIC DEFENDER'S OFFICE
               ANGEL NAVARRO, FEDERAL PUBLIC DEFENDER
9              BY:  LISA LABARRE
                   DEPUTY FEDERAL PUBLIC DEFENDER
10             321 EAST 2ND STREET
               LOS ANGELES, CA  90012
11             (213) 894-2854

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, FEBRUARY 27, 2023

 2                           11:14 A.M.

 3                           - - - - -

 4

 5            THE CLERK:  ITEM 2, CRIMINAL 21-570-SVW,

 6   UNITED STATES OF AMERICA VERSUS JOHNNY CASTILLO.

 7            COUNSEL, PLEASE STATE YOUR APPEARANCES.

 8            ASSISTANT U.S. ATTORNEY:  GOOD MORNING,

 9   YOUR HONOR.  JUAN RODRIGUEZ ON BEHALF OF THE UNITED STATES.

10   I'M JOINED AT COUNSEL TABLE BY SPECIAL AGENT ELIJAH ADAMS,

11   AS WELL AS MS. ELENA FRENCH, WHO IS THE MOTHER OF THE VICTIM

12   IN THIS CASE, SARAH FRENCH.

13            DEPUTY FEDERAL PUBLIC DEFENDER:  GOOD MORNING,

14   YOUR HONOR.  LISA LABARRE ON BEHALF OF JOHNNY CASTILLO, WHO

15   IS PRESENT IN COURT.

16            THE COURT:  THIS IS THE TIME FOR SENTENCING.

17            HAS THE DEFENDANT READ THE PRESENTENCE REPORT?

18            DEPUTY FEDERAL PUBLIC DEFENDER:  HE HAS,

19   YOUR HONOR.

20            THE COURT:  THEN I'LL HEAR FROM YOU AND YOUR

21   CLIENT IF HE WISHES TO ADDRESS THE COURT.

22            DEPUTY FEDERAL PUBLIC DEFENDER:  YES, YOUR HONOR.

23   THANK YOU.

24            MR. CASTILLO IS ONLY 19 YEARS OLD AS HE STANDS

25   BEFORE YOU TODAY.  HE WAS ONLY 18 WHEN THIS HAPPENED AND HAD
```

1    ABSOLUTELY NO CRIMINAL HISTORY PRIOR TO THIS OFFENSE, ZERO

2    CRIMINAL HISTORY POINTS.

3          AT THE TIME OF THE OFFENSE, HE WAS ADDICTED TO

4    PERCOCET, THE SAME PILLS HE WAS DISTRIBUTING, AND HE SOLD

5    THEM TO FUND HIS OWN ADDICTION.  WHAT HE DIDN'T KNOW IS THAT

6    THEY WERE COUNTERFEIT.  HE HAD BEEN TAKING THOSE SAME PILLS

7    THAT HE HAD BEEN DISTRIBUTING AND NOTHING HAPPENED TO HIM

8    PROBABLY BECAUSE HIS TOLERANCE WAS JUST HIGHER, AND HE NEVER

9    WOULD HAVE DISTRIBUTED THEM HAD HE KNOWN THAT THEY WERE

10   COUNTERFEIT.  HE ABSOLUTELY NEVER INTENDED FOR MISS FRENCH

11   TO OVERDOSE FROM THEM.

12         SHE WAS ALSO A YOUNG WOMAN, YOUNGER THAN

13   MR. CASTILLO, WHO WAS STRUGGLING WITH AN ADDICTION HERSELF.

14   MR. CASTILLO'S YOUTH AT THE TIME, ONLY 18, LED TO HIS

15   EXTREMELY POOR JUDGMENT, AND HE ACKNOWLEDGES THAT IN HIS

16   LETTER, EXTREMELY POOR JUDGMENT IN THIS MATTER.

17         THE SUPREME COURT OF COURSE HAS RECOGNIZED THAT

18   YOUTH IS A MITIGATING FACTOR.  I CITED A NUMBER OF CASES IN

19   MY SENTENCING POSITION.  JOHNSON V. TEXAS, GRAHAM V.

20   FLORIDA.  YOUNG PEOPLE HAVE A LACK OF MATURITY AND AN

21   UNDERDEVELOPED SENSE OF JUDGMENT THAT LED TO ILL-CONSIDERED

22   ACTIONS.  CERTAINLY, THIS WAS PROBABLY THE MOST

23   ILL-CONSIDERED ACTION THAT HE COULD HAVE DONE.

24         THE PROBATION OFFICE RECOGNIZES ALL THESE FACTORS

25   IN RECOMMENDING A BELOW-GUIDELINE SENTENCE HERE OF 180

1    MONTHS.  THEY STATE IN THE RECOMMENDATION LETTER THAT

2    MR. CASTILLO'S HISTORY AND CHARACTERISTICS ARE SIGNIFICANTLY

3    MITIGATING AND FALL OUTSIDE THE HEARTLAND OF SIMILAR CASES.

4    AND I NOTED OTHER FENTANYL OVERDOSE CASES IN MY POSITION

5    INCLUDING AN INDIVIDUAL WHO WAS A CRIMINAL HISTORY

6    CATEGORY 6 AND DID NOT RECEIVE THE SENTENCE THAT THE

7    GOVERNMENT IS RECOMMENDING HERE.

8             **THE COURT:**  LET ME ASK YOU -- IF I UNDERSTOOD THE

9    PLEA AGREEMENT CORRECTLY, DID YOU AGREE IN THE PLEA

10   AGREEMENT TO A SENTENCE OF NOT LESS THAN 180 MONTHS?

11            **DEPUTY FEDERAL PUBLIC DEFENDER:**  THAT'S CORRECT,

12   YOUR HONOR, YES, BUT I BELIEVE THE GOVERNMENT IS ASKING FOR

13   A DIFFERENT SENTENCE.

14            **THE COURT:**  YES.

15            **DEPUTY FEDERAL PUBLIC DEFENDER:**  MR. CASTILLO HAD

16   A LOT OF PROMISE DESPITE HIS YOUTH AND THIS CASE.  HIS

17   FORMER TEACHER CARLOS JUAREZ -- THAT I FILED ATTACHED AS

18   EXHIBIT "A" TO MY SENTENCING POSITION -- HAS BEEN MENTORING

19   MR. CASTILLO SINCE HE WAS HIS STUDENT IN EIGHTH GRADE AND

20   STATES THAT HE'S BEEN COURTEOUS, RECEPTIVE, RESPECTFUL AND

21   SAYS HE HAS A CHARACTER AND CAPACITY FOR GROWTH AND TO MOVE

22   IN A POSITIVE DIRECTION WITH A STRONG WORK ETHIC.

23            NOT MANY PEOPLE, CERTAINLY A FORMER TEACHER,

24   WOULD SAY THAT ABOUT THEIR STUDENTS, BUT MR. JUAREZ STANDS

25   BY HIM AND KNOWS OF THE CHARGES, KNOWS WHAT'S HAPPENED, AND

1    STANDS BY MR. CASTILLO AND UNDERSTANDS HIS ABILITY TO

2    REHABILITATE.

3              WE ASK THIS COURT NOT TO DESTROY A YOUNG MAN'S

4    LIFE.  HE HAS THE POTENTIAL TO REHABILITATE AND THE STRONG

5    SUPPORT OF HIS FAMILY.  HIS FAMILY IS IN THIS FRONT ROW HERE

6    INCLUDING HIS MOTHER, FATHER, AND SIBLINGS.  HE WAS ADDICTED

7    TO DRUGS AT THE TIME OF THE OFFENSE.  HE'S NEVER HAD DRUG

8    TREATMENT, AND CERTAINLY WE WOULD ASK FOR DRUG TREATMENT AS

9    PART OF HIS SENTENCE.

10             THANK YOU, YOUR HONOR.

11             **THE COURT:**  DOES THE MOTHER OF THE VICTIM HAVE A

12   RIGHT UNDER CASE LAW TO ADDRESS THE COURT?

13             **ASSISTANT U.S. ATTORNEY:**  SHE DOES, YOUR HONOR.

14             SHE HAS SUBMITTED, WHICH I FILED WITH YOUR HONOR,

15   A VICTIM IMPACT STATEMENT, WHICH IS BEFORE THE COURT,

16   YOUR HONOR.  THAT WOULD BE DOCKET 64.  ASIDE FROM THAT,

17   YOUR HONOR, THERE IS NOTHING SHE WOULD LIKE TO SAY AT THIS

18   HEARING.

19             **THE COURT:**  DOES THIS DEFENDANT WISH TO BE HEARD?

20             **DEPUTY FEDERAL PUBLIC DEFENDER:**  HE DOES,

21   YOUR HONOR.

22             **THE DEFENDANT:**  I JUST WANT TO START BY SAYING

23   I'M SORRY TO EVERYONE THAT I LET DOWN.  THIS IS NOT WHO I

24   AM.  I WANT TO SAY SORRY TO THE VICTIM'S FAMILY.  THIS IS

25   NOT HOW I WAS RAISED, YOU KNOW.  I WAS YOUNG AND DUMB, YOU

1    KNOW, AND I DIDN'T KNOW WHAT I WAS DOING, BUT GOING THROUGH

2    THE PROCESS OF BEING IN THE SITUATION, LIKE, IT MADE ME GROW

3    UP AND SEE DIFFERENT.  AND I WANT TO CHANGE MY LIFE, AND I

4    HAD TO LIVE WITH THIS EVERY DAY, YOU KNOW, AND --

5            **THE COURT:**  SO DOES THE FAMILY OF THE WOMAN WHO

6    YOU SOLD THE DRUG TO.

7            **THE DEFENDANT:**  THAT'S ALL I WANT TO SAY.

8            **THE COURT:**  ANY LEGAL CAUSE WHY SENTENCE SHOULD

9    NOT NOW BE IMPOSED?

10           **DEPUTY FEDERAL PUBLIC DEFENDER:**  NO, YOUR HONOR.

11           **ASSISTANT U.S. ATTORNEY:**  NO, YOUR HONOR.

12           **THE COURT:**  PURSUANT TO THE SENTENCING REFORM ACT

13   OF 1984, IT IS THE JUDGMENT OF THE COURT THAT DEFENDANT

14   JOHNNY CASTILLO IS HEREBY COMMITTED ON COUNTS 1, 2, AND 3 OF

15   THE FIRST SUPERSEDING INFORMATION TO THE CUSTODY OF THE

16   BUREAU OF PRISONS FOR A TERM OF 180 MONTHS.

17           THIS TERM CONSISTS OF 120 MONTHS ON EACH OF

18   COUNTS 1 AND 2 OF THE FIRST SUPERSEDING INFORMATION TO BE

19   SERVED CONCURRENTLY AND 60 MONTHS ON COUNT 3 TO BE SERVED

20   CONSECUTIVELY TO THE TERMS OF COUNTS 1 AND 2.

21           UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT

22   SHALL BE PLACED ON SUPERVISED RELEASE FOR A TERM OF FOUR

23   YEARS.  THIS TERM CONSISTS OF THREE YEARS ON COUNT 1 AND

24   FOUR YEARS ON EACH OF COUNTS 2 AND 3 OF THE FIRST

25   SUPERSEDING INDICTMENT, ALL SUCH TERMS TO RUN CONCURRENTLY

1  UNDER THE FOLLOWING TERMS AND CONDITIONS:

2          ONE, DEFENDANT SHALL COMPLY WITH THE RULES AND

3  REGULATIONS OF THE UNITED STATES PROBATION AND PRETRIAL

4  SERVICES OFFICE AND SECOND AMENDED GENERAL ORDER 20-04;

5          HE SHALL REFRAIN FROM ANY UNLAWFUL USE OF A

6  CONTROLLED SUBSTANCE, SUBMIT TO DRUG TESTING NOT TO EXCEED

7  EIGHT TESTS PER MONTH AS DIRECTED BY THE PROBATION OFFICER;

8          HE SHALL PARTICIPATE IN OUTPATIENT SUBSTANCE

9  ABUSE TREATMENT AND COUNSELING PROGRAMS AS DIRECTED BY THE

10  PROBATION OFFICER;

11          HE SHALL COOPERATE IN THE COLLECTION OF A D.N.A.

12  SAMPLE FROM HIM;

13          HE SHALL APPLY ALL MONIES RECEIVED FROM ANY

14  SOURCE TO THE COURT-ORDERED FINANCIAL OBLIGATION;

15          HE SHALL SUBMIT HIS PERSON, PROPERTY, HOUSE,

16  RESIDENCE, VEHICLE, PAPERS, OTHER AREAS UNDER HIS CONTROL TO

17  A SEARCH CONDUCTED BY A U.S. PROBATION OFFICER OR LAW

18  ENFORCEMENT OFFICER.  FAILURE TO SUBMIT TO A SEARCH MAY BE

19  GROUNDS FOR REVOCATION.  DEFENDANT SHALL WARN ANY OTHER

20  OCCUPANTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES

21  PURSUANT TO THIS CONDITION.

22          ANY SEARCH PURSUANT TO THIS CONDITION WILL BE

23  CONDUCTED AT A REASONABLE TIME AND IN A REASONABLE MANNER

24  UPON REASONABLE SUSPICION THAT DEFENDANT HAS VIOLATED A

25  CONDITION OF THE SUPERVISION AND THAT THE AREAS TO BE

1    SEARCHED CONTAIN THE EVIDENCE OF THIS VIOLATION.

2              IN IMPOSING THE SENTENCE, THE COURT HAS

3    CONSIDERED THE GUIDELINES AND THE PLEA BARGAIN AND THE

4    SENTENCING FACTORS UNDER 3553(A).  I'VE CONSIDERED THE

5    HISTORY AND CIRCUMSTANCES OF THE DEFENDANT, THE SERIOUSNESS

6    OF THE OFFENSE -- AND IT IS MOST SERIOUS -- AND THE NEED TO

7    PROVIDE JUST PUNISHMENT FOR THE DEFENDANT.  I'VE CONSIDERED

8    THE NEED TO DETER CRIMINAL CONDUCT, PROTECT THE PUBLIC FROM

9    FURTHER CRIMES OF THE DEFENDANT.

10             I'VE CONSIDERED THE OTHER SENTENCES AVAILABLE AND

11   WHAT OTHER COURTS HAVE DONE.  I'VE CONSIDERED THE SEVERE

12   HARM TO THE VICTIM, AND THE SENTENCE IN NO WAY INDICATES A

13   LACK OF CARING FOR THE FAMILY THAT HAS TO DEAL WITH THIS

14   TRAGIC LOSS, BUT CONSIDERING ALL THE FACTORS, THIS IS THE

15   MOST APPROPRIATE SENTENCE.

16             THE DEFENDANT IS ORDERED TO PAY A SPECIAL

17   ASSESSMENT OF $300.  HE'S ORDERED TO PAY RESTITUTION TO E.F.

18   IN THE AMOUNT OF $18,105.

19             AND GIVEN THE SENTENCE AND THE CASE LAW, HE'S

20   REMANDED.

21             **DEPUTY FEDERAL PUBLIC DEFENDER:**  YOUR HONOR, I

22   WOULD JUST MAKE AN ARGUMENT FOR A 30-DAY SELF-SURRENDER

23   DATE.  PROBATION RECOMMENDS A 30-DAY SELF-SURRENDER DATE.

24   THIS IS HIS FIRST CONVICTION, AND HIS FAMILY IS HERE IN

25   SUPPORT.  HE'S MADE EVERY SINGLE COURT DATE.

```
 1              THE COURT:  UNDERSTOOD.  HE'S REMANDED.

 2              DEPUTY FEDERAL PUBLIC DEFENDER:  I UNDERSTAND.

 3              THE COURT:  HE'S TO MAKE MONTHLY PAYMENTS WHEN

 4    HE'S RELEASED OF AT LEAST 10 PERCENT OF HIS GROSS MONTHLY

 5    INCOME, BUT NOT LESS THAN $100 A MONTH.  PAYMENT SHALL BEGIN

 6    90 DAYS AFTER COMMENCEMENT.

 7              MARSHALS, TAKE THE DEFENDANT INTO CUSTODY.

 8              (COURT CONFERS WITH THE CLERK.)

 9              THE COURT:  THE FINES ARE WAIVED.

10              THE FORFEITURE IS ALSO AGREED TO; CORRECT?

11              ASSISTANT U.S. ATTORNEY:  YES, YOUR HONOR.

12              THE COURT:  OF THE GUN?

13              ASSISTANT U.S. ATTORNEY:  OH, YES, YES.  THE

14    GOVERNMENT HAS FILED A PRELIMINARY ORDER FORFEITING IT, AND

15    IT'S IN THE PLEA AGREEMENT.

16              THE COURT:  THE GUN IS FORFEITED.

17              ASSISTANT U.S. ATTORNEY:  THANK YOU, YOUR HONOR.

18              DEPUTY FEDERAL PUBLIC DEFENDER:  THANK YOU,

19    YOUR HONOR.

20              ASSISTANT U.S. ATTORNEY:  THE GOVERNMENT MOVES TO

21    DISMISS THE UNDERLYING INDICTMENT.

22              THE COURT:  THE MOTION IS GRANTED.

23              ASSISTANT U.S. ATTORNEY:  THANK YOU, YOUR HONOR.

24              DEPUTY FEDERAL PUBLIC DEFENDER:  YOUR HONOR, WE

25    WOULD LIKE TO ASK FOR A JUDICIAL RECOMMENDATION FOR THE
```

1   R.D.A.P. PROGRAM.

2            THE COURT:  I'LL MAKE THAT RECOMMENDATION.

3            DEPUTY FEDERAL PUBLIC DEFENDER:  THANK YOU,

4   YOUR HONOR.

5            THE CLERK:  THIS COURT'S IN RECESS.

6            (WHEREUPON AT 11:32 A.M., THE PROCEEDINGS

7            ADJOURNED.)

8                  - - - - - -

1                              CERTIFICATE

2

3              I HEREBY CERTIFY THAT PURSUANT TO SECTION 753,

4     TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND

5     CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED

6     PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE

7     TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE

8     REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED

9     STATES.

10             DATED THIS 13TH DAY OF APRIL 2023.

11

12             /S/  MARY R. RICKEY
               MARY R. RICKEY
13             LICENSED COURT REPORTER
               CA CSR 11252, RPR
14

15

16

17

18

19

20

21

22

23

24

25